IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUECREST CAPITAL INTERNATIONAL MASTER FUND LIMITED, in Voluntary Liquidation,<br><br>   Plaintiff,<br><br>  v.<br><br>OMNIGUIDE, INC.,<br><br>   Defendant. | No. 22-cv-1437 |

## COMPLAINT

The plaintiff, BlueCrest Capital International Master Fund Limited, in Voluntary Liquidation (the "**Fund**"), for its Complaint against the defendant, OmniGuide, Inc. ("**OmniGuide**"), respectfully states:

## PARTIES

1. The Fund is an exempted company with shareholders organized and existing under the laws of the Cayman Islands, with its registered address in the Cayman Islands.

2. OmniGuide is a Delaware corporation with its principal place of business in the Commonwealth of Massachusetts.

## JURISDICTION & VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Fund is a citizen of a foreign state, OmniGuide is a citizen of the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000.00.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because OmniGuide has done and continues to do business and intentionally avails

itself of the markets within this district, and OmniGuide is subject to personal jurisdiction in this district.

5. Venue also is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) in that the contracts involved in this dispute expressly provide for venue in any state or federal court located in Cook County, Illinois, and OmniGuide expressly consented and agreed to submit to the personal jurisdiction of this Court.

## BACKGROUND

6. OmniGuide is a medical device company that provides surgical products and technologies throughout the United States.

7. At all times relevant to this litigation, OmniGuide was registered to do business in the State of Illinois.

8. OmniGuide's authority to do business in the State of Illinois was revoked on October 8, 2021.

9. On August 31, 2011, OmniGuide, as Borrower, and BlueCrest Capital Finance, L.P. ("**BC Finance**"), as Lender, entered into a Loan and Security Agreement (the "**Loan Agreement**"), pursuant to which BC Finance agreed to extend to OmniGuide a term loan in the original principal amount of $10,500,000, and certain revolving loans up to a maximum of $2,000,000 according to the terms and conditions set forth in the Loan Agreement.

10. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

11. Also on August 31, 2011, OmniGuide, as Borrower, and BC Finance, as Lender, entered into a Success Fee Agreement, pursuant to which OmniGuide agreed to pay a Success Fee of $1,000,000 to BC Finance upon the occurrence of specified events set forth in the Success Fee Agreement.

12. A true and correct copy of the Success Fee Agreement is attached hereto as <u>Exhibit B</u>.

13. The execution of the Success Fee Agreement by OmniGuide in favor of BC Finance and the commitments of OmniGuide contained therein were conditions precedent to BC Finance extending the term loan and the revolving loans as provided in the Loan Agreement.

14. The Success Fee Agreement is referred to, defined and integrated into the Loan Agreement. (<u>Exhibit A</u> at §§ 1(PP), 1(EEE) and 9.3.)

15. Pursuant to the Success Fee Agreement, OmniGuide agreed to remit payment to BC Finance in the amount of $1,000,000 upon the occurrence of an "Exit Event."

16. The Success Fee Agreement defines an "Exit Event" as follows:

For purposes hereof, 'Exit Event' shall mean the first to occur of: (i) any liquidation, dissolution or winding up of Borrower, whether voluntary or involuntary; (ii) a consolidation, merger or reverse merger of Borrower with or into another corporation or entity or other reorganization or similar transaction or series of transactions involving Borrower which result in stockholders of Borrower immediately prior to such transaction owning less than fifty percent (50%) of the outstanding capital stock of the surviving entity; (iii) a sale, lease, transfer, exclusive license, exchange, dividend or other disposition of all or substantially all of the assets of Borrower including Intellectual Property; (iv) the issuance and/or sale by Borrower in one or a series of related transaction of shares of its common stock, par value $0.0001 per share ('Common Stock') (or securities convertible or exchangeable into or exercisable for shares of Common Stock) constituting a majority of the shares of Common Stock outstanding immediately following such issuance and/or sale (treating all securities convertible or exchangeable into or exercisable for shares of Common Stock as having been fully converted, exchanged and exercised, without regard to any exercise, conversion or exchange limitations therein), other than issuances and/or sales to existing or new investors of the Borrower (under circumstances where the issuance and/or sale does not involve a Change of Control of Borrower); (v) any other form of acquisition or business combination where Borrower is the target of such acquisition and where a Change of Control occurs such that the person seeking to acquire Borrower has the power to elect a majority of the board of directors of Borrower as a result of the transaction; (vi) the consummation of any public offering of shares of Common Stock pursuant to a registration statement filed with the Securities and Exchange Commission under the Securities Act of 1933, as amended (an 'IPO'); and (vii) any

   other liquidity events that Lender and Borrower mutually agree shall constitute an Exit Event.

(Exhibit B, Success Fee Agreement, § 1.)

  17. The Success Fee Agreement further provides that it "shall be binding on the parties hereto and their respective successors and assigns." (Exhibit B, Success Fee Agreement, § 7.)

  18. OmniGuide agreed to provide BC Finance with written notice of the occurrence of an Exit Event no later than three (3) business days after the occurrence of the Exit Event. (Exhibit B, Success Fee Agreement, § 2.)

  19. OmniGuide further agreed to remit the $1,000,000 Success Fee to BC Finance within two (2) business days of the notice of the Exit Event. (Exhibit B, Success Fee Agreement, § 4.)

  20. On or about March 11, 2015, OmniGuide merged with OrbiOmni Merger Sub Corp., with OmniGuide as the surviving corporation (the "**2015 Merger**").

  21. As part of the merger transaction, each share of existing OmniGuide stock was cancelled, and new shares were issued to a subsidiary of OmniGuide's replacement lender in exchange for extinguishment of the underlying debt to that replacement lender.

  22. Attached hereto as Exhibit C is a true and correct copy of a letter dated July 17, 2015, sent by the President and CEO of OmniGuide to BC Finance describing the 2015 Merger.

  23. The 2015 Merger constituted an Exit Event as defined in the Success Fee Agreement and resulted in a Change in Control of OmniGuide.

  24. The 2015 Merger triggered the requirement that OmniGuide remit payment to BC Finance in the amount of $1,000,000 by no later than March 18, 2015.

  25. The Fund, the plaintiff in this action, currently holds all rights, remedies and powers under the Loan Agreement and the Success Fee Agreement by virtue of transfer and assignment.

26. The Fund has sent several demands to OmniGuide seeking payment of the Success Fee.

27. OmniGuide has failed and refused to pay the $1,000,000 Success Fee.

28. Pursuant to Section 8.1 of the Loan Agreement, OmniGuide's failure to pay the Success Fee constitutes a breach of the Success Fee Agreement and an Event of Default under the Loan Agreement.

29. Pursuant to the Loan Agreement and Success Fee Agreement, the Fund is entitled to recover from OmniGuide the $1,000,000 Success Fee, prejudgment interest to the maximum extent permitted by applicable law, together with all reasonable attorneys' fees, costs, and expenses incurred by the Fund in seeking enforcement of its rights under the Success Fee Agreement and the Loan Agreement.

30. The Success Fee Agreement and the Loan Agreement each constitute an "instrument of writing" pursuant to the Illinois Interest Act, 815 ILCS 205/2, and as a result, the Fund is entitled to recover prejudgment interest as a creditor at the rate of five (5) percent per annum for all moneys after they became due from OmniGuide on March 18, 2015.

31. Pursuant to Section 9.12 of the Loan Agreement, this action is governed by the laws of the State of Illinois and OmniGuide has consented to and submitted to the jurisdiction of this Court.

**CLAIM FOR RELIEF**

32. The Success Fee Agreement and the Loan Agreement are binding and enforceable agreements.

33. OmniGuide's failure to pay the $1,000,000 Success Fee constitutes a breach of the Success Fee Agreement and the Loan Agreement.

34. OmniGuide's breach of the Success Fee Agreement and the Loan Agreement has caused and continues to cause damages to the Fund.

35. The Fund has incurred, and continues to incur, out of pocket costs and expenses, including, but not limited to, reasonable attorney's fees and costs, as a result of OmniGuide's breach of the Success Fee Agreement and the Loan Agreement.

36. The Fund is entitled to a judgment against OmniGuide for compensatory damages in the amount of $1,000,000, prejudgment interest thereon from and after March 18, 2015, plus its reasonable attorneys' fees, costs, and expenses.

WHEREFORE, the Fund respectfully requests that the Court enter judgment in favor of the Fund and against OmniGuide in the amount of $1,000,000, plus prejudgment interest thereon from and after March 19, 2015, to the date of the judgment, plus its reasonable attorney's fees, costs, and expenses, and that the Court grant the Fund such other and further relief as is just and proper in the premises.

*[Remainder of Page Left Blank]*

Respectfully submitted,

BLUECREST CAPITAL INTERNATIONAL MASTER FUND LIMITED, in Voluntary Liquidation


By: /s/ *Antonio DeBlasio, Esq.*
    One of Its Attorneys
    Antonio DeBlasio
    David M. Gower
    DeBlasio & Gower LLC
    2001 Midwest Road, Suite 100
    Oak Brook, Illinois 60523
    T: (630) 560-1124 - Direct
    E: deblasio@DGLLC.net
    E: gower@DGLLC.net


By: /s/ *Elizabeth A. Roberge*
    Elizabeth A. Roberge (*To Be Admitted PHV*)
    Bose McKinney & Evans LLP
    111 Monument Circle, Suite 2700
    Indianapolis, Indiana 46204
    T: (317) 684-5223 – Direct
    E: eroberge@boselaw.com

*Attorneys for Plaintiff, BlueCrest Capital International Master Fund Limited, in Voluntary Liquidation*